UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORDAN MARTINEZ,

Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, *et al.*,

Defendants.

Case No. 1:26-cv-03448-KES-CDB

ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANT KAITLYN STEIRGERWALD SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT

(Doc. 1)

**7-Day Deadline**

Plaintiff Jordan Martinez ("Plaintiff") initiated this action with the filing of a complaint against Defendants Lockheed Martin Corporation ("Lockheed"), Kaitlyn Steigerwald, and Does 1-10 (collectively, "Defendants") on January 16, 2026, in state court before Lockheed removed the action to this Court on May 4, 2026. (Doc. 1). The next day, the Court entered an order setting a mandatory scheduling conference and directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 2 at 1). The order further advised Plaintiff that failure to timely complete service "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id.*

Notwithstanding the Court's order, to date, it has been over 90 days since Plaintiff filed the complaint and Plaintiff has not filed proof of service nor any report setting forth an explanation for the failure to serve Defendant Steigerwald, who has not appeared in the action. Indeed, at the

scheduling conference before the undersigned on August 5, 2026, counsel for Plaintiff conceded that Plaintiff's attempts to effect service upon Defendant Steigerwald have been unsuccessful owing to Defendant's reported residency in the United Kingdom. *Cf.* (Doc. 7 at 5-6).

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, because Plaintiff has not filed proof of service as to Defendant Steigerwald and Defendant Steigerwald has not filed a responsive pleading or otherwise appeared, the Court will order Plaintiff to show cause why Defendant Steigerwald should not be dismissed under Rule 4(m) or demonstrate good cause to extend the deadline to effect service upon Defendant Steigerwald.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that **within seven (7) days** of service of this order, Plaintiff SHALL show cause in writing why Defendant Kaitlyn Steigerwald should not be dismissed for Plaintiff's failure to serve the summons and complaint in a timely manner under the Court's orders and Rule 4(m).

**Any failure by Plaintiffs to timely comply with this order may result in a recommendation that any unserved defendant be dismissed for failure to prosecute and failure to comply with the Court's orders and Fed. R. Civ. P. 4.**

IT IS SO ORDERED.

Dated: **August 5, 2026**

UNITED STATES MAGISTRATE JUDGE