UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORDAN MARTINEZ,

Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, *et al.*,

Defendants.

Case No. 1:26-cv-03448-CDB

ORDER DENYING PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)

ORDER EXTENDING TIME TO COMPLETE SERVICE OF PROCESS UNDER FED. R. CIV. P. 4(m)

(Doc. 19)

**Deadline – Nov. 19, 2026**

**Background**

Plaintiff Jordan Martinez ("Plaintiff") initiated this action in state with the filing of a complaint against Defendants Lockheed Martin Corporation ("Lockheed"), Kaitlyn Steigerwald, and Does 1-10 (collectively, "Defendants") on January 16, 2026, and the operative first amended complaint on March 17, 2026. (Doc. 1 ¶ 3). Plaintiff served summons and complaint upon Defendant Lockheed Martin on April 3, 2026. *Id.* ¶ 4. Under the impression that Defendant Steigerwald was employed by Lockheed Martin, Plaintiff attempted to serve process upon her in the same manner Plaintiff served process upon Lockheed Martin (via a third-party designated agent for service of process). (Doc. 15, Declaration of Sherry Graybel D'Antony, ¶¶ 4-5, Exhibit A).[1]

[1] In her declaration, counsel for Plaintiff, Ms. D'Antony, attests that "an attempt was made to serve Defendant at her then-known place of employment, Lockheed Martin." However, the document

However, Plaintiff discovered through counsel for Lockheed Martin that Steigerwald no longer was employed by Lockheed Martin.

According to a declaration Lockheed Martin procured from Steigerwald and filed in support of its notice of removal, around the time Plaintiff filed her FAC (March 2026), Steigerwald relocated to the United Kingdom. (Doc. 1-6). As of the date of her declaration (May 4, 2026), Steigerwald resides and intends to remain indefinitely in the United Kingdom. *Id.*

When Plaintiff failed to file proof of service of summons and complaint upon Steigerwald within the 90-day service deadline set by Rule 4(m), Federal Rules of Civil Procedure (*e.g.*, by August 3, 2026), the Court ordered Plaintiff to show cause why Steigerwald should not be dismissed from the action. (Doc. 13). In response, counsel for Plaintiff filed a declaration of counsel attesting to efforts she had undertaken to locate and serve Steigerwald. (Doc. 15). In general, counsel attested to having used the Internet, social media, and public information services to locate Steigerwald's husband (and, by extension, likely Steigerwald) in the vicinity of Lincolnshire, England, where counsel believed Steigerwald's husband was stationed or assigned as a serviceman with the U.S. Air Force. Counsel attested that she continued to undertake diligent efforts to identify a residential address at which to serve Steigerwald and requested additional time to further those efforts. Finding good cause pursuant to Rule 4(m), the Court granted an extension of time *nunc pro tunc* for Plaintiff to effect service upon Steigerwald. (Doc. 16).

Less than one week after the Court granted an extension of time, Plaintiff filed the instant motion for Court order authorizing alternative service upon Steigerwald pursuant to Rule 4(f)(3), or in the alternative, for additional time within which to complete service of process. (Doc. 19). Lockheed Martin filed an opposition to Plaintiff's motion (Doc. 20) and Plaintiff filed a reply (Docs. 21, 22).[2]

---

cited in support of this attestation is the proof of service reflecting attempted service upon a designated agent.

[2] While there is merit to Lockheed Martin's argument that Plaintiff failed to undertake mandatory meet/confer prior to filing the motion (Doc. 20 at 6-7), the Court declines to deny the motion on that ground given the unique circumstances of counsel for Plaintiff's earlier communications with defense counsel about serving Steigerwald and defense counsel's refusal to consent to service. Nevertheless, the Court admonishes the parties that any future failure to comply with the Court's meet/confer requirements may result in denial of a noncompliant motion.

**<u>Governing Legal Standard</u>**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served." *See* Fed. R. Civ. P. 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists*, 840 F.2d at 688 (quoting *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Rule 4(f) governs service of process upon an individual in a foreign country. In addition to authorizing service pursuant to an international agreement, such as the Hague Convention, Rule 4(f) authorizes service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). In weighing the appropriateness of alternate service pursuant to Rule 4(f)(3), courts must evaluate "the particularities and necessities of a given case" and, if alternate service is deemed appropriate, authorize a service method that is "reasonably calculated" to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation and quotation omitted).

**<u>Discussion</u>**

**A. Whether Alternate Service Under Rule 4(f)(3) is Warranted**

Plaintiff fails to carry her burden of demonstrating that alternate service outside of the Hague Convention is appropriate.

First, Plaintiff correctly argues that a party is not required to exhaust service attempts pursuant to international agreement as authorized under Rule 4(f)(1) before seeking leave of court to undertake alternate service under Rule 4(f)(3). (Doc 19 at 6) (citing *Rio Props.*, 284 F.3d at 1014-16). However, Plaintiff concedes that the Hague Convention operates here (*see id.* at 5) where the party to be served, Steigerwald, is believed to reside in England. Accordingly, the Court

may authorize alternate service only if the means Plaintiff proposes are not prohibited by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(3). Plaintiff makes no showing that any of the proposed methods of alternate service – including at an email and social-media account verified to be "associated" with Steigerwald, or through "electronic contact mechanism maintained" by her (Doc. 19 at 10) – are permissible under the Hague Convention.

Second, Plaintiff proposes no method of service that identifies any physical address or electronic service account used by Steigerwald. The relief Plaintiff appears to seek – a court order permitting service upon Steigerwald at unidentified facilities "maintained or used" by her (see Doc. 21 at 7) – is inconsistent with the Due Process Clause of the 14th Amendment to the U.S. Constitution, which requires that the alternate service method be "reasonably calculated" to provide the party notice of the action. *Rio Props*., 284 F.3d at 1014-16. The Court cannot prospectively authorize service at an unidentified physical address or electronic service account that is "associated with" or "maintained or used" by Steigerwald because Plaintiff has not demonstrated how any such address or account is reasonably calculated to provide her notice of the action.

Counsel for Plaintiff declares that she located and accessed "a publicly accessible website associated with [Steigerwald's] professional photography activities at: www.kaitsphoto.com." (Doc. 22 ¶¶ 6-9). She further declares that a "contact icon … at the bottom of each webpage, leads to an email address that presumably leads to Defendant Steigerwald." Id. ¶ 8. Plaintiff argues that the Court should permit alternate service upon Steigerwald using such email address. (Doc. 21 at 7). This argument is defective for a variety of reasons.

First, neither the argument nor the materials Plaintiff proffers in support of the argument were presented in her moving brief; instead, they were submitted with her reply. Thus, the Court disregards both the argument and the evidence submitted. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Second, the Court lacks sufficient information to find that the proposed service method passes scrutiny under the Due Process Clause (*supra*). Although the Court acknowledges the website's physical and appearance indicators suggest it is, in fact, operated or used by

Steigerwald, the Court cannot assume based on these indicators alone that what Plaintiff's counsel asserts as a fact (that the website is "associated" with Steigerwald's business) is, actually, a fact.[3] Moreover, when questioned by the Court at the motion hearing, counsel for Plaintiff acknowledged that she did not know what email address resolved to the "contact icon" described as appearing at the bottom of the website because she did not attempt to access it. Setting aside the unknown identity and operability of the contact icon, the Court cannot find, as counsel for Plaintiff suggests, that any associated email address "presumably leads to Defendant Steigerwald." (Doc. 22 ¶ 8).

The Court acknowledges that alternative service via email appropriately may be authorized where there is sufficient evidence to conclude that such service is reasonably calculated to give the party served notice of the action. *E.g., Microsoft Corp. v. Buy More, Inc.*, 703 Fed. Appx. 476, 480 (9th Cir. 2017) (upholding district court's authorization of alternative service under Rule 4(f)(3) via email and upon the party's attorney where account information identified the party as the user of the account and evidence reflected the party was in contact with the attorney). Such evidence is lacking here. Thus, because Plaintiff fails to carry her burden of demonstrating that alternate service outside of the Hague Convention is appropriate here, the Court examines below her request for alternative relief – a further extension of time to effect service upon Steigerwald (Doc. 21 at 7).

**B. Whether an Extension of Time Under Rule 4(m) is Warranted**

According to her statements to the Court during the motion hearing, counsel for Plaintiff first learned that Steigerwald moved to England when she reviewed Steigerwald's declaration (Doc. 1-6) filed on May 4, 2026, in support of Lockheed Martin's notice of removal. During the more than five months that have passed, counsel for Plaintiff has undertaken investigative steps to identify Steigerwald's address. Based on counsel's proffers as represented during the motion hearing and in her filings (e.g., Docs. 15, 19, 22), these steps have largely or entirely consisted of research using online and publicly available resources. Thus, for instance, counsel for Plaintiff has not made inquiries of England's Central Authority for the Hague Convention about service,

---

[3] At the motion hearing, counsel represented that Plaintiff recognized the photo on this website as depicting Steigerwald. Counsel's unsworn assertions are not competent evidence the Court considers in determining whether alternative service satisfies the Due Process Clause.

has not communicated with or retained any investigator in England, and has not transmitted an email to the operator or custodian of the website Plaintiff argues is associated with Steigerwald or otherwise determined the identity and subscriber or user of that email address.

The Court previously granted Plaintiff an extension of time under Rule 4(m) to complete service of process upon a showing by counsel of good cause. *See* (Docs. 13-16). Based on Plaintiff's filings and counsel's representations during the motion hearing, it does not appear that counsel has undertaken additional substantial steps to locate Steigerwald and attempt service upon her since filing the instant motion more than two months ago. However, based on counsel's ongoing efforts and to permit Plaintiff time to take additional investigative steps consistent with this order, the Court finds limited good cause to extend the service deadline under Rule 4(m). Nevertheless, the Court admonishes counsel that, by the time the extended deadline lapses, she will have had more than six months to complete service of process and, accordingly, it is unlikely absent extraordinary circumstances that the Cour will grant any additional extensions.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to authorize alternative service under Rule 4(f)(3) (Doc. 19) is DENIED.

It is FURTHER ORDERED based on a finding of good cause under Rule 4(m) that Plaintiff's time to effect service of summons and complaint upon Defendant Steigerwald is extended to no later than November 19, 2026.

**Any failure by Plaintiff to timely comply with this order may result in a recommendation that any unserved defendant be dismissed for failure to prosecute and failure to comply with the Court's orders and with Fed. R. Civ. P. 4.**

IT IS SO ORDERED.

Dated: **October 20, 2026**

UNITED STATES MAGISTRATE JUDGE